UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LIDIANA CANTU | § <br> § <br> § <br> § |
| VS. | § CIVIL ACTION NO. 7:20-cv-00263 <br> § <br> § <br> § |
| WAL-MART STORES TEXAS LLC | § |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LIDIANA CANTU, hereinafter referred to as Plaintiff, and files this, her First Amended Original Complaint against WAL-MART STORES TEXAS LLC, hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### PARTIES

1. Plaintiff Lidiana Cantu is an individual who resides in Mission, Hidalgo County, Texas.

2. Defendant Wal-Mart Stores Texas LLC has been served with process and filed an answer in this case.

### CLAIM FOR RELIEF

3. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for her damages.

## VENUE AND JURISDICTION

4. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in Mission, Hidalgo County, Texas. Venue for this case is therefore proper in the United States District Court, Southern District of Texas, McAllen Division.

5. Plaintiff filed her original petition in the 92nd District Court in Edinburg, Hidalgo County, Texas. Defendant removed this case to the United States District Court, Southern District of Texas, McAllen Division based on the diversity of citizenship of the Plaintiff, who resides in Texas, and Defendant, a corporation from Arkansas. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court therefore has jurisdiction of this case.

## FACTS

6. On June 21, 2020, Plaintiff was shopping at Defendant's Neighborhood Market store located on Bryan Road in Mission, Hidalgo County, Texas. While Plaintiff was in Checkout Aisle Number 3 to purchase some items, she tripped, fell to the floor, and suffered injuries and damages. A handheld plastic shopping basket was on the floor in the aisle, limiting the space in the aisle and making the aisle smaller or narrower than it should have been. The basket on the floor in the checkout aisle and the limited space in the aisle were dangerous conditions on the store premises that caused Plaintiff to trip, fall to the floor, and suffer injuries and damages. By acts and/or omissions, Defendant's employees caused the basket to exist on the floor in the checkout aisle and as a result, limited the space in the

checkout aisle. In this regard, Defendant's employees created the dangerous condition on Defendant's store premises that caused Plaintiff to trip, fall, and suffer injuries and damages. Knowledge of the dangerous condition is therefore imputed on Defendant under Texas Premises Liability Law. Alternatively, an employee of Defendant was working as a cashier and stocker of merchandise at Checkout Aisle Number 3 near the basket that was on the floor in the aisle for a lenthy period of time before Plaintiff tripped on the basket and fell. She and other employees working in the area should have discovered the basket on the floor, warned Plaintiff of the danger that it posed, and/or removed the basket from the floor before Plaintiff tripped on the basket and fell, but they failed to do so. After the incident occurred, the store manager told Plaintiff that the basket should not have been on the floor in the checkout aisle, posing a tripping hazard to Plaintiff.

## CAUSE OF ACTION BASED ON PREMISES LIABILITY LAW AND PROXIMATE CAUSE

7. At all time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that:

   A. Plaintiff was a business invitee,

   B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred,

   C. A condition on the premises, the handheld plastic shopping basket on the floor in the checkout aisle, the limted space in the checkout aisle caused by the basket that was on the floor in the aisle, and/or the checkout aisle that was too small and narrow, as described in the preceding paragraph, posed an unreasonable risk of harm,

   D. Defendant knew or reasonably should have known of the danger posed by the condition, and

    E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe.

8. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past in the approximate amount of $50,000.00, will suffer a loss of earning capacity in the future in the approximate amount of $100,000.00, incurred medical expenses in the past in the approximate amount of $100,000.00, and will incur medical expenses in the future in the approximate amount of $100,000.00. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $200,000.00, but less than $1,000,000.00, as compensation for her damages.

## VICARIOUS LIABILITY

10. At all time that is material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should

4

therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg Avenue
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

_/s/_  _Michael J. Cisneros_
MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify that on this 1st day of October, 2020, a true and correct copy of Plaintiff's First Amended Original Complaint was sent to counsel for Defendant via electronic mail.

_/s/_  _Michael J. Cisneros_
MICHAEL J. CISNEROS